CAUSE NO. 14-10-30181-MC WATTA

| | | |
|---|---|---|
| **ROGELIO MEZA**<br>*Plaintiff,* | § § § § | **IN THE DISTRICT COURT** |
| **vs.** | § § § | 365th **JUDICAL DISTRICT** |
| **CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SYNDICATE 2488 AND SYNDICATE 2003, SUBSCRIBING TO POLICY NUMBER NA100216400 AND PRESTON LEE BAYLOR**<br>*Defendants.* | § § § § § § | **MAVERICK COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION, AND PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Rogelio Meza, hereinafter referred to as "Plaintiff," complaining of Defendants, Certain Underwriters at Lloyd's of London Syndicate 2488 and Syndicate 2003, Subscribing to Policy Number NA100216400 and Preston Lee Baylor (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. RULE 47 STATEMENT

Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### III. PARTIES

Plaintiff, Rogelio Meza is an individual and resident of Texas.

Defendant, Certain Underwriters at Lloyd's of London Syndicate 2488 and Syndicate 2003, Subscribing to Policy Number NA100216400 ("Underwriters") is an insurance company, which on information and belief, is eligible to conduct the business of insurance in Texas. It can be served with citation by serving its registered agent, Mendes & Mount, 750 Seventh Avenue, New York, New York 10019-6829 by certified mail, return receipt requested.

Defendant, Preston Lee Baylor ("Baylor"), is a Texas resident, and on information and belief, is a licensed insurance adjuster in the State of Texas.   Baylor can be served at his residence, by certified mail, return receipt requested, located at 3820 Davenport, Schertz, Texas 78154.

### IV. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Maverick County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Texas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Maverick County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.   Plaintiff is the holder of Insurance Policy Number NA1000216400 issued and maintained by Defendant Underwriters (hereinafter referred to as the "Policy").

B.   Plaintiff owned property, which is specifically located at 1110 Carthage Avenue, Eagle Pass, Maverick County, Texas 78852 (hereinafter referred to as the "Property").

C.   Defendant Underwriters or their agents/representatives, sold a policy, insuring the Property, to Plaintiff (hereinafter referred to as the "Policy").  Defendant represented to the Plaintiff that the Policy was sufficient to cover any possible damages to the Property and Plaintiff relied on those representations.

D.   Defendant represented to Plaintiff that Plaintiff had hail and windstorm insurance for the benefit of Plaintiff's Property.

E.   On or about April 23, 2014, a severe hail and windstorm caused severe damage to homes and businesses throughout the area, including Plaintiff's Property.

F.   Plaintiff submitted a claim to Defendant Underwriters against the Policy for damage the Property sustained as a result of the severe hail and windstorm.  Plaintiff asked that Defendants cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

G.   Prior to Plaintiff purchasing the Policy from Defendant Underwriters, Defendant Underwriters represented to Plaintiff that damages like what the Property sustained by severe hail and/or windstorms would be covered by the Policy if such damage occurred.  Defendant Underwriters further represented that it was a quality insurance company, a reputable insurance company, with few complaints, and that Defendant would pay Plaintiff fairly for damage to the Property in the event of a claim, that Defendant would treat Plaintiff fairly, that Plaintiff's policy provided coverage for the Property, that Defendant would not conduct an outcome-oriented investigation of Plaintiff's claim, and that overall Plaintiff would be

adequately and fairly compensated if Plaintiff's Property sustained damage from a hail or windstorms and Plaintiff made a claim under the Policy. These and other representations by Defendant were false and were either negligently made to Plaintiff, recklessly made without any knowledge of their truth or their falsity, or they were made knowingly and intentionally regarding their falsity. These misrepresentations were made to Plaintiff to induce Plaintiff to purchase the Policy from Defendants, and Plaintiff did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendants.

H.      In response to Plaintiff's claim, Underwriters hired Littleton Group as the third party adjusting firm. In turn, Littleton Group assigned Preston Baylor as the adjuster on the claim. On or about September 10, 2014, more than three weeks since he was assigned the claim, Mr. Preston inspected the Property, but failed to acknowledge obvious damages to the Property.

I.      Defendant, Baylor, was the agent for Underwriters, and represented Underwriters in regard to Plaintiff's claim. Baylor also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying in whole or in part, Plaintiff's claim. As such, Baylor acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiff's insurance claim. Therefore, Baylor is a "person" who is individually liable for his unfair methods of competition or unfair and/or deceptive practices under the Texas Insurance Code and the Texas DTPA. Furthermore, Baylor acted as the agent and representative for Certain Underwriters in this claim.

J.      Defendant, Baylor, improperly adjusted Plaintiff's claim. Defendant Baylor conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. [1] His estimate did not allow adequate funds to cover the repairs to restore Plaintiff's home to pre-loss condition, pursuant to the terms of the policy.

---

[1] See Defendant Adjuster's Adjuster Report Dated 09/19/2014.

K.     Without limitation, Baylor misrepresented the cause, scope, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's Policy. [2] Baylor made these and other misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of their justified reliance. Baylor's misrepresentations were a cause of Underwriters underpayment of Plaintiff's claim. This has caused additional and further damage to Plaintiff's property.

L.     Baylor also advised Plaintiff as to how Plaintiff could repair his Property so as to prevent further damage to the Property. [3] However, this advice was reckless and false, because Plaintiff could not adequately repair the Property to pre-loss condition and prevent future damage by following Baylor's advice. Plaintiff's Property has sustained further damage as a result.

M.     Defendants, Underwriters and Baylor, misrepresented that the damage cause by the severe hail and windstorm only involved roof damage, minor window damage, and minimal interior damage and could be repaired for only $ 6,058.32. However, Defendants' representations were patently false, because Plaintiff's damage as a result of the severe hail and windstorm could not be repaired to pre-loss condition via the scope and cost of Defendants' adjuster report. Plaintiff's own estimator has identified substantial damage far beyond what Defendants acknowledged. Specifically, Plaintiff's damages exceed $ 85,000.00.

N.     Defendants, Underwriters and Baylor, failed to properly adjust the claims and Defendants have denied at least a portion of the claims with an inadequate investigation, even though the Policy provides coverage for losses such as those suffered by Plaintiff's

---

[2] *Id.*
[3] *Id.*

O.    Furthermore, these false representations have and continue to allow Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

P.    Plaintiff's claim(s) still remain unpaid and Plaintiffs still have not been able to properly repair the Property due to the failures of Defendants to insure the property.

Q.    Defendant, Underwriters, failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendants failed and refused to pay on the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of contract between the Defendants and Plaintiff.

R.    Defendants Underwriters and Baylor misrepresented to Plaintiff that the damage suffered by the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer. TEX. INS. CODE Section 541.060 (a)(1).

S.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, even though they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(2)(A).

T.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to

adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(3).

U.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

V.   Defendants refused to compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim by failing to account for and explain why they deposited Plaintiff's Policy payment yet had no record of a policy for Plaintiff. This resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

W.   Defendant Underwriters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

X.   Defendant Underwriters failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

Y.   Defendant Underwriters failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment

of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

Z. From and after the time Plaintiff's claim was presented to Defendant Underwriters, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

AA. As a result of all of Defendants wrongful acts and omissions as set forth herein, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

BB. Unfortunately, as a result of Defendants delay in payment for Plaintiff's necessary and covered property repairs under Plaintiff's effective insurance policy, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.

CC. Plaintiffs' experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

According to the Insurance Policy that Plaintiff purchased, Defendant Underwriters has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages,

including additional benefits under the Policy, resulting from the severe hail and windstorm. As a result of the severe hail and windstorm and/or ensuing losses from the hail and windstorm, which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## B. Cause of Action for Violation of Section 542

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants', Underwriters and Baylor, acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiff into purchasing the Policy from Defendants.

Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Underwriters and Baylor under the provisions of the DTPA, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against The ASI Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, The Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendant Underwriters represented to Plaintiff that its insurance policy and Defendant Underwriters' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant Underwriters represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant Underwriters advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants Underwriters and Baylor represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant Underwriters failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant Underwriters has breached an express warranty that the damage caused by hail and/or windstorms would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Underwriters and Baylor under the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiff into purchasing the Policy from Defendants. Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, Defendant's failure to pay for the proper repair of Plaintiff's real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue.  They further include Defendants failure to give Plaintiff the benefit of the doubt.  Specifically, Defendants are guilty of the following unfair insurance practices:

      A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      B.    Engaging in unfair claims settlement practices;

      C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.      Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

### E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action, including without limitation the misrepresentations made by Defendants Underwriters and Baylor and/or their agents and representatives as set forth above which were made to and which did, in fact, induce Plaintiff into purchasing the Policy from Defendant Underwriters.  By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F.      Misrepresentation**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant Underwriters made misrepresentations as set forth above which were made to and which did, in fact, induce Plaintiff into purchasing the Policy from Defendant Underwriters. These misrepresentations were made to Plaintiff to induce Plaintiff to purchase the Policy from Defendant Underwriters, and Plaintiff did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendant.

Furthermore, Defendants Underwriters and Baylor made representations which were made to, and which did in fact, induce Plaintiff in accepting Defendants' underpayment of claim and/or scope of damages. These misrepresentations were made to Plaintiff to induce Plaintiff into accepting Defendants' inadequate payment of Plaintiff's claim and/or inadequate scope of damages, and Plaintiff did, in fact, rely on these misrepresentations in accepting Defendants' inadequate payment of Plaintiff's claim and/or scope of damages.

These negligent, reckless, or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiff.

**G.      Fraud**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. Defendants Underwriters and Baylor made false representations and/or false promise to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment. The representations and/or promises by the Defendants were false and were made either intentionally, recklessly, or without

regard to their truth, and with the intent to induce Plaintiff into purchasing the insurance policy at issue, and accepting as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendant.   These reckless and/or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiff.

### VIII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### IX.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants Underwriters and Baylor have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's real property and any investigative and/or engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  All the damages described in this petition are within the jurisdictional limits of the Court.

### X.  ADDITIONAL DAMAGES

Defendants Underwriters and Baylor have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to

additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant Underwriters' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants', Underwriters and Baylor's, conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIV. REQUEST FOR DISCLOSURE

Defendants, within 50 days after service of this Petition, are requested to furnish the information and material described in Texas Rules of Civil Procedure 190.2(6) and 194.2.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**WAYNE WRIGHT, LLP**
5707 Interstate Ten West
San Antonio, Texas 78201
(210) 384-2641 (Telephone)
(210) 735-3286 (Facsimile)

By: _J. Nicole Delahoussaye_

T. NICOLE DELAHOUSSAYE
ndelahoussaye@waynewright.com
Texas State Bar No. 24061073

HAROLD MCCALL
hmcall@waynewright.com
Texas State Bar No. 24054279

DON CROOK
dcrook@waynewright.com
Texas State Bar No. 00783901

**ATTORNEYS FOR PLAINTIFF**

CITATION BY MAILING

*715 367*

THE STATE OF TEXAS

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON BY SERVING ITS REGISTERED
AGENT / Mendes & Mount / 750 Seventh Avenue / New York, New York
10019-6829

Defendant, in the hereinafter styled and numbered cause:
NOTICE
      You have been sued.  You may employ an attorney.  If you or your
attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m.  on the Monday next following the expiration or
twenty days after you were served this citation and petition, default
judgment may be taken against you.
      YOU ARE HEREBY COMMANDED to appear before the 365th Judicial
District Court of the City of Eagle Pass, Texas, County of Maverick,
Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 a.m of the Monday next after the expiration of 20 days
after the date of service hereof, a copy of which accompanies the
Citation, in Cause Number 14-10-30181-MCVAJA styled ROGELIO MEZA vs.
CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SYNDICATE 2488, ETAL.  filed
in said Court on 10/20/14.  Plaintiff is represented by T.  NICOLE
DELAHOUSSAYE  who's address is 5707 INTERSTATE TEN WEST / SAN ANTONIO,
TX 78201 .  ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at
this office on this the 20th day of October, 2014

                        IRENE RODRIGUEZ
                        District Clerk,Maverick County, Texas
                        500 Quarry St.  Ste 5
                        Eagle Pass, Tx.  78852

                        By:_____
                        Deputy
                  OFFICER'S RETURN BY MAILING
      Came to hand the _____ day of _____ 20___, and executed by
mailing to the Defendant certified mail, return receipt requested to
wit restricted delivery a true and correct copy of this citation
together with an attached copy of Plaintiff's Petition to the
following address:

_____         _____
Defendant                       Address
Service upon the Defendant is evidenced by the return receipt
incorporated herein and attached hereto, signed by _____
and dated _____.
*Citation was not served despite the following use of diligence to
execute service by the officer or person authorized to execute this
citation: _____
_____
Citation was not executed because _____.
Defendant may be found at: _____.
To certify which witness my hand officially.

_____
_____ County, Texas
By:_____ Deputy Fee for Serving Citation
$ _____

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

| | | | |
|---|---|---|---|
| Insured: | Rogelio and Elida Meza | Home: | (956) 238-4700 |
| Property: | 1110 Carthage Avenue | | |
| | Eagle Pass, TX 78852 | | |
| | | | |
| Claim Rep.: | Preston Baylor | Business: | (210) 547-2635 |
| Business: | 4203 Woodcock Drive | E-mail: | pbaylor@Littleton-Group.com |
| | San Antonio, TX 78228 | | |
| | | | |
| Estimator: | Preston Baylor | Business: | (210) 547-2635 |
| Business: | 4203 Woodcock Drive | E-mail: | pbaylor@Littleton-Group.com |
| | San Antonio, TX 78228 | | |
| | | | |
| Reference: | Brent Poetschke | Business: | (979) 836-5224 |
| Company: | Germania Insurance | | |
| Business: | PO Box 645 | | |
| | Brenham, TX 77834 | | |

**Claim Number: 2000087821**       **Policy Number: NA1000216400**       **Type of Loss: Hail**

| | | | |
|---|---|---|---|
| Date Contacted: | 8/20/2014 8:00 AM | | |
| Date of Loss: | 4/23/2014 5:00 PM | Date Received: | 8/19/2014 5:00 PM |
| Date Inspected: | 9/10/2014 10:00 AM | Date Entered: | 9/19/2014 9:07 AM |
| | | | |
| Price List: | TXSA8X_SEP14 | | |
| | Restoration/Service/Remodel | | |
| Estimate: | 2000087821 | | |

This is a repair estimate only. This estimate is subject to the review and approval of the insurance carrier. The insurance policy may contain provisions that could reduce any payment that might be made. This is not an authorization to repair. Authorization to repair or guarantee of payment must be obtained by the owner of the property. No adjuster or appraiser has the authority to authorize or guarantee payment. The insurer assumes no responsibility for the quality of the work repairs that might be completed. All depreciation is based on the age of the property at the time of inspection. All measurements are approximate and not to scale.


EXHIBIT
A

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

**2000087821**

**SKETCH1**

**Main Level**



**Roof1**

| 1903.03 Surface Area | 19.03 Number of Squares |
|---|---|
| 217.57 Total Perimeter Length | 68.67 Total Ridge Length |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1.  3 tab - 20 yr. - composition shingle roofing - incl. felt | 19.03 SQ | 32.69 | 0.00 | 124.42 | 746.51 | <0.00> | 746.51 |
| 2.  3 tab - 20 yr. - composition shingle roofing - incl. felt | 21.00 SQ | 155.39 | 127.20 | 678.08 | 4,068.47 | <1,631.60> | 2,436.87 |
| 3.  Drip edge | 217.57 LF | 0.19 | 0.00 | 8.26 | 49.60 | <0.00> | 49.60 |
| 4.  Drip edge | 217.57 LF | 1.56 | 10.77 | 70.04 | 420.22 | <164.86> | 255.36 |
| 5.  Roof vent - turbine type | 2.00 EA | 5.24 | 0.00 | 2.10 | 12.58 | <0.00> | 12.58 |
| 6.  Roof vent - turbine type | 2.00 EA | 93.99 | 9.28 | 39.46 | 236.72 | <91.30> | 145.42 |
| 7.  Exhaust cap - through roof - 6" to 8" | 1.00 EA | 5.24 | 0.00 | 1.04 | 6.28 | <0.00> | 6.28 |
| 8.  Exhaust cap - through roof - 6" to 8" | 1.00 EA | 59.94 | 2.39 | 12.46 | 74.79 | <29.11> | 45.68 |
| 9.  Roof vent - turtle type - Metal | 1.00 EA | 5.24 | 0.00 | 1.04 | 6.28 | <0.00> | 6.28 |
| 10.  Roof vent - turtle type - Metal | 1.00 EA | 41.47 | 1.29 | 8.56 | 51.32 | <20.14> | 31.18 |
| 11.  Flashing - pipe jack | 2.00 EA | 4.10 | 0.00 | 1.64 | 9.84 | <0.00> | 9.84 |
| 12.  Flashing - pipe jack | 2.00 EA | 26.50 | 1.18 | 10.84 | 65.02 | <25.74> | 39.28 |
| 13.  Valley metal | 24.76 LF | 0.35 | 0.00 | 1.74 | 10.41 | <0.00> | 10.41 |
| 14.  Valley metal | 24.76 LF | 3.79 | 3.35 | 19.44 | 116.63 | <45.58> | 71.05 |
| **Totals:  Roof1** | | | 155.46 | 979.12 | 5,874.67 | 2,008.33 | 3,866.34 |
| **Total:  Main Level** | | | 155.46 | 979.12 | 5,874.67 | 2,008.33 | 3,866.34 |

**Front Elevation**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 15.  Glazing bead - Aluminum | 29.12 LF | 0.19 | 0.00 | 1.10 | 6.63 | <0.00> | 6.63 |
| 16.  Glazing bead - Aluminum | 29.12 LF | 0.94 | 1.08 | 5.70 | 34.15 | <13.69> | 20.46 |
| **Totals:  Front Elevation** | | | 1.08 | 6.80 | 40.78 | 13.69 | 27.09 |

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

### Right Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 17. Glazing bead - Aluminum | 29.12 LF | 0.19 | 0.00 | 1.10 | 6.63 | <0.00> | 6.63 |
| 18. Glazing bead - Aluminum | 29.12 LF | 0.94 | 1.08 | 5.70 | 34.15 | <13.69> | 20.46 |
| 19. Comb and straighten a/c condenser fins - with trip charge | 2.00 EA | 148.35 | 0.00 | 59.34 | 356.04 | <0.00> | 356.04 |
| **Totals: Right Elevation** | | | 1.08 | 66.14 | 396.82 | 13.69 | 383.13 |
| **Total: SKETCH1** | | | 157.62 | 1,052.06 | 6,312.27 | 2,035.71 | 4,276.56 |

## SKETCH2

### Main Level

**Shed**



| | |
|---|---|
| 162.51  Surface Area | 1.63  Number of Squares |
| 51.02  Total Perimeter Length | 12.33  Total Ridge Length |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 20. 3 tab - 20 yr. - composition shingle roofing - incl. felt | 1.63 SQ | 32.69 | 0.00 | 10.66 | 63.94 | <0.00> | 63.94 |
| 21. 3 tab - 20 yr. - composition shingle roofing - incl. felt | 2.00 SQ | 155.39 | 12.11 | 64.58 | 387.47 | <155.39> | 232.08 |
| 22. Drip edge | 51.02 LF | 0.19 | 0.00 | 1.94 | 11.63 | <0.00> | 11.63 |
| 23. Drip edge | 51.02 LF | 1.56 | 2.53 | 16.42 | 98.54 | <38.66> | 59.88 |
| **Totals: Shed** | | | 14.64 | 93.60 | 561.58 | 194.05 | 367.53 |

**Bedroom 1**                                        **Height: 8'**



| | |
|---|---|
| 488.00  SF Walls | 210.00  SF Ceiling |
| 698.00  SF Walls & Ceiling | 210.00  SF Floor |
| 23.33  SY Flooring | 61.00  LF Floor Perimeter |
| 61.00  LF Ceil. Perimeter | |

**Door**                    2' 8" X 6' 8"            Opens into Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|

2000087821                                               9/19/2014          Page: 3

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

**CONTINUED - Bedroom 1**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 24. 1/2" drywall - hung, taped, ready for texture | 64.00 SF | 0.25 | 0.00 | 3.20 | 19.20 | <0.00> | 19.20 |
| 25. 1/2" drywall - hung, taped, ready for texture | 64.00 SF | 1.26 | 1.95 | 16.52 | 99.11 | <9.14> | 89.97 |
| 26. Acoustic ceiling (popcorn) texture | 146.00 SF | 0.27 | 0.00 | 7.88 | 47.30 | <0.00> | 47.30 |
| 27. Batt insulation - 6" - R19 - paper faced | 64.00 SF | 0.75 | 2.96 | 10.20 | 61.16 | <5.44> | 55.72 |
| 28. Acoustic ceiling (popcorn) texture | 210.00 SF | 0.61 | 0.87 | 25.80 | 154.77 | <14.52> | 140.25 |
| 29. Contents - move out then reset | 1.00 EA | 37.53 | 0.00 | 7.50 | 45.03 | <0.00> | 45.03 |
| 30. Mask the walls per square foot - plastic and tape - 4 mil | 488.00 SF | 0.15 | 1.61 | 14.96 | 89.77 | <0.00> | 89.77 |

| Totals: Bedroom 1 | | | 7.39 | 86.06 | 516.34 | 29.10 | 487.24 |
|---|---|---|---|---|---|---|---|

**Hallway**                                                                                          Height: 8'

333.33 SF Walls                                    102.00 SF Ceiling
435.33 SF Walls & Ceiling                    102.00 SF Floor
11.33 SY Flooring                                 41.67 LF Floor Perimeter
41.67 LF Ceil. Perimeter

| Missing Wall | 5' 8" X 8' | Opens into Exterior |
|---|---|---|
| Door | 2' 4" X 6' 8" | Opens into Exterior |
| Door | 2' 5" X 6' 8" | Opens into Exterior |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 31. 1/2" drywall - hung, taped, ready for texture | 185.33 SF | 0.25 | 0.00 | 9.26 | 55.59 | <0.00> | 55.59 |
| 32. 1/2" drywall - hung, taped, ready for texture | 185.33 SF | 1.26 | 5.66 | 47.84 | 287.02 | <26.47> | 260.55 |
| 33. Acoustic ceiling (popcorn) texture | 102.00 SF | 0.61 | 0.42 | 12.52 | 75.16 | <7.05> | 68.11 |
| 34. Texture drywall - machine | 83.33 SF | 0.31 | 0.27 | 5.22 | 31.32 | <2.93> | 28.39 |
| 35. Paint the walls - one coat | 333.33 SF | 0.48 | 2.75 | 32.56 | 195.31 | <80.00> | 115.31 |
| 36. Mask the walls per square foot - plastic and tape - 4 mil | 333.33 SF | 0.15 | 1.10 | 10.22 | 61.32 | <0.00> | 61.32 |

| Totals: Hallway | | | 10.20 | 117.62 | 705.72 | 116.45 | 589.27 |
|---|---|---|---|---|---|---|---|

| Total: Main Level | | | 32.23 | 297.28 | 1,783.64 | 339.60 | 1,444.04 |
|---|---|---|---|---|---|---|---|

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

### Miscellaneous

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 37. Haul debris - per pickup truck load - including dump fees<br>Allowed for the non - roofing material. | 1.00 EA | 91.49 | 0.00 | 18.30 | 109.79 | <0.00> | 109.79 |
| **Totals: Miscellaneous** | | | 0.00 | 18.30 | 109.79 | 0.00 | 109.79 |
| **Total: SKETCH2** | | | 32.23 | 315.58 | 1,893.43 | 339.60 | 1,553.83 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 38. Window labor minimum* | 1.00 EA | 104.66 | 0.00 | 20.94 | 125.60 | <0.00> | 125.60 |
| 39. Insulation labor minimum* | 1.00 EA | 85.27 | 0.00 | 17.06 | 102.33 | <0.00> | 102.33 |
| **Totals: Labor Minimums Applied** | | | 0.00 | 38.00 | 227.93 | 0.00 | 227.93 |
| **Line Item Totals: 2000087821** | | | 189.85 | 1,405.64 | 8,433.63 | 2,375.31 | 6,058.32 |

### Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 821.33 | SF Walls | 312.00 | SF Ceiling | 1,133.33 | SF Walls and Ceiling |
| 312.00 | SF Floor | 34.67 | SY Flooring | 102.67 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 102.67 | LF Ceil. Perimeter |
| | | | | | |
| 312.00 | Floor Area | 312.00 | Total Area | 821.33 | Interior Wall Area |
| 1,009.68 | Exterior Wall Area | 108.33 | Exterior Perimeter of Walls | | |
| | | | | | |
| 2,065.54 | Surface Area | 20.66 | Number of Squares | 537.18 | Total Perimeter Length |
| 81.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

 **Littleton Group**

4203 Woodcock Drive #204
San Antono, Texas 78228
210-737-1599 Main
210-737-1590 Fax

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 6,838.14 |
| Material Sales Tax | 189.85 |
| | |
| Subtotal | 7,027.99 |
| Overhead | 702.82 |
| Profit | 702.82 |
| | |
| **Replacement Cost Value** | **$8,433.63** |
| Less Non-recoverable Depreciation | <2,375.31> |
| | |
| **Actual Cash Value** | **$6,058.32** |
| Less Deductible | (800.00) |
| | |
| **Net Claim** | **$5,258.32** |

Preston Baylor

9/19/2014



SKETCH1 - Main Level

2000087821

SKETCH2 - Main Level



