**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **ROGELIO MEZA** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO.** |
| **Underwriters AT LLOYD'S** | § | **2:14-CV-00087** |
| **OF LONDON SYNDICATE 2488 AND** | § | |
| **SYNDICATE 2003, SUBSCRIBING TO** | § | |
| **POLICY NUMBER NA100216400 AND** | § | |
| **PRESTON LEE BAYLOR** | § | |

## PLAINTIFF'S OPPOSED MOTION TO REMAND AND MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiff, Rogelio Meza ("Plaintiff"), in the above styled and numbered cause and, pursuant to 28 U.S.C. §1447, file this Motion to Remand.  Pending before this Court is the Defendant's Notice of Removal (the "Notice of Removal") filed by Certain Underwriters at Lloyds of London subscribing severally to Policy No. 100216400 ("Underwriters" or "Defendant").  However, because the Court lacks subject matter jurisdiction over this case, Plaintiff respectfully requests the Court remand this case back to state court. In support thereof, pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. §1447(c), Plaintiff would respectfully show this Honorable Court the following:

## I. SUMMARY OF CASE

1.     The causes of action made the basis of this lawsuit arise out of an insurance claim made by Plaintiff for damage caused by a wind and hailstorm to Plaintiffs' property located at 1110 Carthage Avenue, Eagle Pass, Maverick County, Texas 78852 ("the Property").  Plaintiff made a claim against Plaintiff's Insurance Policy ("the Policy"), which was issued by

Underwriters for damages to the Property.

2.      Underwriters assigned Defendant Preston Baylor ("Baylor" or the "Adjuster" herein) to adjust Plaintiff's claims.  Plaintiff has alleged that Underwriters and Baylor (who will be collectively referred to as "Defendants") together, without limitation, have delayed full payment of Plaintiff's claim, even though the Policy provides coverage for the damages sustained to the Property.  Plaintiff has also alleged that Defendants have failed to properly adjust the claim, failed to pay the full proceeds of the Policy, and failed to adequately settle the claim.  As a result, Plaintiff was forced to bring suit against Defendants for damages resulting from the mishandling of their insurance claim and for unfair settlement practices.

3.      Plaintiff filed suit on October 20, 2014, in State District Court, Maverick County, Texas.  Defendant Underwriters removed this case to Federal Court on November 25, 2014, alleging that this Court has subject matter jurisdiction because Defendant Baylor was improperly joined in the lawsuit. To the contrary, Plaintiff asserts that Defendant Baylor was, indeed, properly joined in this lawsuit, and because he is domiciled in Texas, this Court lacks subject matter jurisdiction.[1]

## II. ISSUE PRESENTED

4.      Whether the Court lacks subject matter jurisdiction over this lawsuit because Defendant Baylor is domiciled in Texas (undisputed by the parties) and Defendants have not met their burden of proving that Plaintiff has no possibility of recovering against Defendant Baylor.

## III. ARGUMENT & AUTHORITIES

5.      As a matter of Texas law, Plaintiff has clearly pled in Plaintiff's Original Petition, several valid causes of action against Baylor, individually, including without limitation for

---

[1] See Defendant Baylor's Texas Department of Insurance Adjuster Profile attached hereto as Exhibit "A."

multiple violations of the Texas Insurance Code. As such, considering that Baylor is an undisputed Texas citizen, Defendant Underwriters's removal fails and this Honorable Court lacks subject matter jurisdiction because Baylor is properly included in the lawsuit.

## A. STANDARDS GOVERNING REMOVAL

6.     The party invoking a court's removal jurisdiction bears the burden of establishing and proving federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction – Defendant in this case. *See Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank,* 128 F.3d at 922; *Manguno,* 276 F.3d at 723.

7.     In evaluating the propriety of removal, the Court must evaluate all federal allegations in the light most favorable to Plaintiff, must resolve all contested issues of fact in favor of Plaintiffs, and must resolve all ambiguities of controlling state law in favor of Plaintiff. *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

## B. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PRESTON BAYLOR WAS NOT IMPROPERLY JOINED

8.     This Honorable Court does not have subject matter jurisdiction over this case. There is not complete diversity of citizenship between the parties because Defendant, Preston

Baylor is a citizen of the State of Texas.[2] Furthermore, Defendant cannot meet its heavy burden to prove, as it must, that Baylor was improperly joined as a Defendant in this case for the sole purpose of depriving the federal court of jurisdiction.

9.      Preston Baylor has not been improperly joined in this case because (1) Plaintiff has at least one valid cause of action, if not multiple, against him and (2) the facts alleged in Plaintiff's Original Petition are sufficient to establish at least one cause of action, if not multiple, against Preston Baylor. Defendant simply has not met, and cannot meet, its burden of proving Plaintiff has no possibility of recovering against Preston Baylor. Therefore, this case is not removable pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 or 28 U.S.C. §1446 and the Court should remand this case back to State Court. *See Mayes v. Rapoport,* 198 F.2d 457, 461 (4th Cir. 1999).

### 1. Standards Governing Improper Joinder - The Burden is on the Removing Defendant

10.      A claim of fraudulent joinder must be pleaded with particularity, supported by clear and convincing evidence, and proven with certainty. *See Mayes,* 198 F.2d 457 at 461; *Dollar v. G.M. Corp.,* 814 F.Supp. 538, 541 (E.D.Tex. 1993) (citations omitted). In removal cases, the removing party bears the significant burden of establishing the existence of federal jurisdiction. *See Wilson,* 257 U.S. at 97; *Allen,* 63 F.3d at 1335. The Fifth Circuit has stressed "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving joinder was improper." *Smallwood v. Illinois Central RR. Co.,* 385 F.3d 568, 576 (5th Cir. 2004). The Court lacks subject matter jurisdiction when the

---

[2] See Exhibit "A."

removing party does not meet this burden. *Id.*

11.    To show joinder is improper, the removing party must prove that there is no possibility that the Plaintiff will be able to establish a cause of action against the non-diverse Defendant or that the Plaintiff engaged in outright fraud in pleading jurisdictional facts. *See Smallwood*, 385 F.3d at 573; *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205-6 (5th Cir. 1983). When no fraud is alleged, "the test for fraudulent joinder is whether the defendant has demonstrated that there is <u>no possibility</u> of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood at 573; see also Fields v. Pool Offshore, Inc.,* 182 F.3d 353,357 (5th Cir. 1995).

12.    There are two proper means for predicting whether a Plaintiff has a reasonable basis of recovery under state law. *See Smallwood* at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Ordinarily, as long as a Plaintiff can survive Rule 12(b)(6) challenge, there is no improper joinder. *Smallwood* at 573.  Most importantly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim for relief that is plausible. *See Doss*, 2011 U.S. Dist. LEXIS 6369, at *5, *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007).  On the other hand, in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood* at 573.  Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at

573–74. The court is not permitted to "move beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

13.     Defendant asks this Court to move beyond a Rule 12(b)(6) type analysis and "pierce" the pleadings, essentially asking this Court to pre-try this case on the merits. This Court should decide this matter by determining whether the complaint sufficiently states at least one cause of action against Baylor under state law and state law pleading standards. In *Smallwood*, the Fifth Circuit stated that ordinarily these matters should be decided by simply asking if the complaint states at least one cause of action under state law. *See Smallwood*, 385 F.3d at 573. The court did say that at times the court may pierce, or go beyond the pleading, but cautions that those cases should be "<u>few in number</u>." *Id.* Additionally, the examples given of appropriate classes of cases to "pierce" the pleadings are indicative of the types of disputes the court had in mind. The court held that a summary inquiry "is appropriate only to identify the presence of discrete and <u>undisputed facts</u> that would preclude plaintiff's recovery against the in-state defendant." *Id.* The court gives examples such as an "in-state doctor defendant did not treat the plaintiff patient" or "a party's residence was not as alleged", or "any other fact that easily can be disproved if not true." *Id.* at footnote 12. The allegations contained in Plaintiffs' Original Petition are <u>disputed</u> questions of fact, which must be decided by the fact finder.

13.     Defendant's Motion relies solely on alleged deficiencies in Plaintiff's pleadings and provides **no** evidence of discrete and undisputed facts that would **preclude** Plaintiff's recovery against Baylor. Moreover, as Plaintiff's Original Petition was just filed on October 20, 2014, while discovery has been propounded by Plaintiff in this matter, Defendants have not yet answered. However, it is uncontested that Defendant Baylor inspected the premises, is a resident of Texas, and Plaintiff has alleged that Defendant Baylor engaged in unfair insurance practices

and other violations of the Texas Insurance Code and Texas law.[3]  Defendant's only other contention is that Plaintiff's Original Petition contains similar facts and claims as a separate Plaintiff not related to the case made the subject of this litigation. Such and argument is neither relevant nor a demonstration that Plaintiff is precluded from recovery against Baylor. Plaintiff has satisfied Texas' fair notice pleading standard. Therefore, Plaintiff would urge this Honorable Court to engage in a Rule 12(b)(6) analysis.

14.     Additionally, "because state court Plaintiff should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [Plaintiffs'] complaint under Texas' notice pleading standard." *Aucoin v. Comerica Sec. Co.*, 2008 WL 4601129, (N.D.Tex. Oct. 15, 2008); *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at \*4 (N.D.Tex. Aug. 29, 2008).  Under the Texas Rules of Civil Procedure, a petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). Texas' "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex.App.2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex.2007); *see also Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 421 (Tex.App.—Tyler, 1989).

15.     "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case." *Smallwood* at 573.  In assessing whether a Defendant has been improperly joined, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the

---

[3] See Defendant Baylor's Inspection Report attached hereto as Exhibit "B," and Exhibit "A."

plaintiff." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308-09 (5th Cir.2005) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)); *see also Green,* 707 F.2d at 205-6.  It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory,* 434 F.3d at 308 (internal citations omitted).   In this regard, the Court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).   Indeed, the Fifth Circuit has cautioned district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995) (internal citation omitted).   Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107-09 (1941); *Diaz v. Sheppard,* 85 F.3d 860, 865 (11th Cir. 1996).

16.     The question before this Court is simply whether at least one of the causes of action asserted against Preston Baylor are supported by the facts alleged and the laws of the State of Texas.[4] *Chesapeake & Ohio Ry. v. Cockrell,* 232 U.S. 146,153 (1914); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 113 (3d Cir. 1990) (a court may not go into the merits of the claims or defenses to determine whether non-diverse parties are fraudulently joined), *cert. denied,* 498 U.S. 1085 (1991).  Thus, the improper joinder issue is a function of whether the Plaintiff has pled a potentially viable cause of action against Preston Baylor under Chapter 541 of the Texas Insurance Code.  *See, e.g., Davis v. Travelers Lloyds of Texas Insurance Co.*, 2009 WL 3255093, at *4 (S.D.Tex. Sept. 29, 2009)("The issue of improper joinder hinges on whether the plaintiff

---

[4] In this case, Defendant Underwriters is not claiming that Plaintiff engaged in outright fraud in pleading jurisdictional facts.  As such, for its removal to be valid the Defendant is left to prove that there is no possibility that the Plaintiff will be able to establish a cause of action against Defendant Baylor. *See Smallwood*, 385 F.3d at 573; *Green,* 707 F.2d at 205-6.

can establish any potentially viable state-law cause of action against [the Adjuster]").[5]  It is irrelevant to the Court's analysis whether the Plaintiff has also pled valid and similar, or even the same, causes of action against Defendant Underwriters in this case, particularly if both Defendants can be liable for the same conduct, as is the case herein.   Simply put, if the Plaintiff has pled a potentially viable cause of action against Defendant Baylor, without regard to the pleadings and causes of action as to Defendant Underwriters, then Defendant Baylor has not been improperly joined and this Honorable Court does not have jurisdiction over this case.

17.   Moreover, in *Sargent v. Safeco Ins. Co. of Indiana*, 2011 WL 819492, *4 (S.D. Tex.-March 2, 2011) the Court, citing *Smallwood*, granted the plaintiff's Motion to Remand after determining that there was no evidence demonstrating that the defendant adjuster "was not involved with the inspection of the property or the handling of" the plaintiff's claim.   In addition, the *Sargent* Court struck down arguments identical to those of Defendant Underwriters when it found controlling the fact that the plaintiff attributed conduct to the adjuster that it did not attribute the defendant insurance company. *Id.* at *3.  The allegations referred to in *Sargent* are nearly identical to the conduct Plaintiff alleges of Baylor.  In *Plaintiff's Original Petition*, Plaintiffs allege that Baylor was the adjuster assigned to Plaintiffs' claim that conducted a substandard inspection the property, misrepresented the cause of, scope of, and the cost to repair the damage, and prepared a report that failed to included many of Plaintiff's damages. Furthermore, Plaintiff alleges that Defendant Baylor's misrepresentations caused Defendant Underwriters to underpay Plaintiff on his claim.   Finally, Plaintiff alleged that the aforementioned factual conduct makes Baylor liable for negligence, gross negligence, and negligent misrepresentation, causes of action not brought against Defendant Underwriters.

---

[5] *See also Harris v. Allstate Tex. Lloyds',* 2010 WL 1790744 at *2 (S.D.Tex. April 30, 2010); *Ample Bus. Inv., L.P., v. American States Ins. Co.,* 2010 WL 173711, at *2 (S.D.Tex. April 28, 2010).

Plaintiff has attributed conduct specifically to Baylor, separate from that attributed to Defendant Underwriters, and has brought causes of action against Baylor separate from those brought against both Defendants (See Plaintiff's Original Petition). Therefore, in following the reasoning of *Sargent*, this Court should grant Plaintiff's Motion to Remand.

18.     In this case, Plaintiff has properly alleged at least one valid state law cause of action, if not multiple, against Preston Baylor because the Plaintiff has clearly pled that Defendant Preston Baylor violated Chapter 541 of the Texas Insurance Code by engaging in unfair settlement practices.  These statutory violations provide an independent basis for possible recovery against Baylor.  Therefore, Preston Baylor has been properly joined to this lawsuit and this case should be remanded back to state court.

### 2.  *A Valid Cause of Action is Alleged Against Preston Baylor Under the Texas Insurance Code*

19.     Preston Baylor has been properly joined because Plaintiff has valid causes of action against him under the Texas Insurance Code for unfair settlement practices in his role as the adjuster on Plaintiff's insurance claim.  It is undisputed by the parties that Preston Baylor was the insurance adjuster on Plaintiff's claim.  Because Baylor is an adjuster in the business of insurance, and he was the adjuster on Plaintiff's claim, he can be held individually liable to the Plaintiffs for his violations of the Texas Insurance Code.  The Texas Supreme Court, the Fifth Circuit, and numerous U.S. District Courts, including many in the Northern District of Texas,[6]

---

[6] *See, for example, Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, 3:11-CV-0971-O-BK, 2012 WL 176572, slip op. at *5 (N.D. Tex. Jan. 6, 2012) *report and recommendation adopted*, 3:11-CV-971-O, 2012 WL 195016 (N.D. Tex. Jan. 23, 2012) (granting remand because Plaintiff's allegations provide sufficient factual allegations under Texas's fair notice standard for recovery against Defendant adjuster); *Johnson v. Zurich Am. Ins. Co.*, 3:11-CV-0344-P, 2011 WL 3111919 at *3-4 (N.D. Tex. June 29, 2011) (not designated for publication) (recognizing that independent insurance adjusters may be liable under the Texas Insurance Code and granting remand because Plaintiff's factual allegations state a plausible claim for Plaintiff to recover against Defendant insurance adjuster); *Urquilla v. Allstate Tex. Lloyds'*, 2010 WL 3447591 at *3 (S.D. Tex. August 30, 2010) (granting remand because Plaintiffs' allegations do in fact state a viable claim under state law for reasonable recovery against adjuster);

2bc9a3aa4ef9574b

have recognized that adjusters can be held liable under the Texas Insurance Code. *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford,* 491 F.3d 278, 282 (5th Cir. 2007).

20.     Establishing that diversity jurisdiction exists is not Plaintiff's burden. Defendant has failed to conclusively establish that Plaintiffs ***could not*** conceivably have a cause of action

---

*Galveston Bay Biodiesel, L.P. v. Ace American Ins. Co.,* 2010 WL 2485995, at *5 (S.D.Tex. June 11, 2010) (granting remand because Plaintiff asserted Texas Insurance Code unfair settlement practice violations against the adjuster); *Harris v. Allstate Tex. Lloyd's,* 2010 WL 1790744, *4 (S.D.Tex. April 30, 2010) ("[Plaintiff's] complaint alleges that his property was damaged, that [Adjuster] was tasked with handling the insurance claim, and that [Adjuster] failed to fulfill this task in the manner required by the Texas Insurance Code. Plaintiff alleges that [Adjuster] mishandled the claim in several specific ways: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for denying payment, etc. . . . [Plaintiff's] allegations, if proven true, would create a reasonable possibility that [Plaintiff] could prevail in his claims against [Adjuster]"); *Davis v. Travelers Lloyds of Texas Insurance Co.,* 2009 WL 3255093, at *6 (S.D.Tex. Sept. 29, 2009) (Defendant who admitted he was a "claims representative" assigned by the insurance company was an "adjuster" in the business of insurance and, therefore, he was not fraudulently joined); *Mayorga v. Gov't Employees Ins. Co. (Geico),* No. C-09-339, 2010 WL 300350, at *3 (S.D.Tex. Jan.20, 2010) ("Plaintiff alleges that [the individual defendant] 'fail[ed] to conduct a reasonable investigation of Plaintiff's claims and fail[ed] to effect prompt resolution of Plaintiff's claim.' Employees that fail to properly adjust insurance claims are liable under Section 541."); *Cornman v. State Farm Lloyds,* 2001 WL 34098622, at *4 (S.D.Tex. Nov.19, 2001) (recognizing that an individual can be liable under the Texas Insurance Code even if all of their pertinent actions were taken within the scope of their employment with an insurance company); *see also Wolfe v. Am. Home Assur. Co.,* 3:11-CV-955-L, Memorandum and Opinion Order, 2011 WL 2909875 at *4-5 (N.D. Tex. July 20, 2011) (not designated for publication) (Plaintiff's attachment of exhibits to Petition made factual allegations specific enough and, therefore, sufficient under applicable state law for recovery against adjuster); *W. End Square, Ltd. V. Great Am. Ins. Co.* of New York, Civil Action No. 3:06-CV-1871B, Memorandum Opinion and Order, 2007 WL 804714 at *5 (N.D. Tex. Mar. 14, 2007) (not designated for publication) (In grating the Plaintiff's Motion to Remand, the court relied on *Liberty Mutual Ins. Co.* to determine that Defendant adjuster was a "person engaged in the business of insurance" under the Texas Insurance Code even though he was "retained solely to assist in the investigation of the facts of Plaintiff's claim and did not (1) participate in the sale or servicing of Plaintiff's policy; (2) make any representations regarding the policy's coverage; or (3) adjust Plaintiff's claim" because he was retained for his "specialized knowledge" about insurance); *Grace Tabernacle v. State Farm,* Cause No. 1:02-CV-33 1, Memorandum Opinion and Order of Remand, at p.2-3 (E.D. Tex.) ("[w]hen confronted with the viability of an Article 21.21 [now codified as Chapter 541] claim against persons in their individual capacity, the Texas Supreme Court squarely held that 'Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"); *Albair v. Allstate Texas Lloyds et al,* Civil Action No. 1:03CV91, Memorandum and Order (E.D. Tex. April 16,2003) (The court found there was nothing in the record indicating that the Plaintiff, after a period of discovery, would not be able to establish his claims as alleged against either adjuster defendant, and thus remanded the case); *Russell v. State Farm Lloyds,* Civil Action No. 3:01-CV-1305-D, Memorandum Opinion and Order, 2001 WL 1326501 at *3 (N.D. Tex. Oct. 15, 2001) (not designated for publication) (ruling that Plaintiffs sufficiently alleged facts in their Petition for joinder of adjuster to be proper and granting remand); *Magnes vs. State Farm, et al,* Civil Action No. 1:02-CV-270, (E.D. Tex.), Report and Recommendation of the United States Magistrate Judge; *Linda Duvall vs. Allstate Insurance Company, et al,* Civil Action No. H-03-5312, (S.D.Tex.) (Holding Adjuster Olson, as Allstate's employee, had "engaged in the business of insurance"); *Jones v. State Farm Lloyds,* Civil Action No. H-05-0634; *Hill v. The Northwestern Mutual Life Ins. Co. et al,* (W.D. Tex.); *Rosales v. Penn-America Ins. Co.,* 2010 WL 5069203 (Trial Order Granting Plaintiff's Motion to Remand) (Independent adjuster is a "person engaged in the business of insurance" and may be liable to Plaintiff under the Texas Insurance Code).

against Preston Baylor under Texas law.

21.     Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. *See id.; see also* TEX. INS. CODE ANN. §541.003 (2005). The term "person" is defined as "any *individual,* corporation, association, partnership, ... and any other legal entity engaged in the business of insurance, including agents, brokers, *adjusters* and life insurance counselors." TEX. INS. CODE ANN. §541.002 (2005) (emphases added). Thus, §541.002 specifically provides that the definition of "person" includes claims adjusters such as Preston Baylor, and Chapter 541, Subchapter A, provides a private cause of action against any person that engages in unfair or deceptive acts as provided in section 3 of the subchapter. *See* TEX. INS. CODE ANN. §541.003 (2005).

22.     In *Garrison Contractors,* the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers; rather, it also includes individual *agents. See* 966 S.W.2d at 486-87.   While this case is about *adjusters* instead of agents, the analysis under *Garrison Contractors* is no different because the same definition of "person" under the Texas Insurance Code also specifically lists and applies to *adjusters*.   The term "person", for the purpose of placing liability, includes individuals and company employees who are engaged in the business of insurance, "including agents, brokers, *adjusters* and life insurance counselors." *See Id.* and TEX. INS. CODE ANN. §541.002 (2005) (emphases added).[7]  Thus, the wrongful conduct of an insurance adjuster gives rise to that individual's personal liability, despite

---

[7] Courts in the Fifth Circuit and Southern District have reasoned that "an insurance adjuster, much like an insurance agent, can be subject to suit under Article 21.21." *Vargas v. State Farms Lloyds,* 216 F.Supp.2d 643, 648 (S.D.Tex.2002) (Kent, J.); *accord Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 283 (5th Cir.2007); *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 544 n. 9 (5th Cir.2004); *Blanchard v. State Farm Lloyds,* 206 F.Supp.2d 840, 846 (S.D.Tex.2001) (Rosenthal, J.) "Although the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims." *Vargas,* 216 F.Supp.2d at 648.

the adjuster's "subordinate" relationship with the insurance carrier as its employee.

23.     Furthermore, following the guidance of the Texas Supreme Court in *Garrison*, the Fifth Circuit has held that an adjuster can be held liable under the Insurance Code under Texas law. *See Gasch v. Hartford,* 491 F.3d 278 (5th Cir. 2007).[8]  Thus, Defendant's removal is groundless and completely ignores precedent directly on point from the Texas Supreme Court and the Fifth Circuit holding that an adjuster can be held liable under Chapter 541 of the Insurance Code.[9]

24.     Based upon the foregoing, Preston Baylor is clearly a "person" potentially liable under the Texas Insurance Code for her unfair settlement practices. *See, e.g., Gasch,* 491 F.3d at 282 and *Garrison Contractor,* 966 S.W.2d at 486-87.  The Court should remand this case to state court because Plaintiffs have alleged a valid state law cause of action against Preston Baylor.[10]

### 3. *Plaintiff's Factual Allegations Against Preston Baylor Are Sufficient to Support a Cause of Action*

25.     Preston Baylor has not been improperly joined because Plaintiff has alleged facts against Preston Baylor, which are sufficient to support a cause of action against him for violations of the Texas Insurance Code. "[W]hether the Plaintiff has alleged a valid state law cause of action depends upon...the factual fit between the Plaintiff's allegation and the pleaded theory of recovery." *Griggs,* 181 F.3d at 701.  In the case at bar, there is the necessary "factual

---

[8] The fact that *Garrison* and *Gasch* were decided under article 21.21 makes no difference.  Chapter 541 of the Insurance Code was simply a recodification of article 21.21. Acts 2003, 78th Leg., R.S., Ch. 1274, H.B. 2922. Further, the Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of 21.21. *See id.* (relating to a *nonsubstantive* revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, including conforming amendments, repeals, and penalties.)

[9] Defendant Baylor is not a nominal party to Plaintiffs' lawsuit and can be held personally liable under the Texas Insurance Code for her Insurance Code Violations in Plaintiffs' case. *See* TEX. INS. CODE ANN. §541.003 (2005); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998).

[10] Contrary to Defendants' Removal at ¶¶ 7 & 8, Plaintiff has every intent to pursue such claims, and others, against Defendant Baylor and Baylor can be held liable pursuant to these claims.

fit" between Plaintiffs' allegations and the pleaded theory of recovery.[11] "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 285-286 (5th Cir. 2001); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir. 1993). "[F]ederal courts are not to weigh the merits of Plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe,* 113 F.3d at 1538.

26.     The facts alleged against Preston Baylor are not merely a pretext to defeat diversity jurisdiction, and, contrary to Defendant's claims in its Notice of Removal, Plaintiff's Original Petition contains more than sufficient factual allegations against Preston Baylor to establish a "factual fit" between Plaintiff's allegations and at least one valid cause of action against Mr. Baylor under the Texas Insurance Code.  Plaintiff's factual allegations against Mr. Baylor include, without limitation:

> (1) that Defendant Baylor was the agent for Underwriters and represented Underwriters in regard to Plaintiffs' claim (*See* Plaintiff's Original Petition at ¶H);
>
> (2)  that on or about September 10, 2014, more than three weeks after he was assigned the claim, Mr. Preston inspected the Property, but failed to acknowledge obvious damages to the Property (*Id.*);
>
> (3) that Baylor adjusted the Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim and, as such he acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiffs' insurance claim (*Id.* at ¶I);
>
> (4) that he did, in fact, adjust the Plaintiffs' insurance claim that is at issue in this case (*Id.*);
>
> (5) that he improperly adjusted Plaintiffs' claims, conducting a substandard inspection that is evidenced in his report, which failed to include many of Plaintiffs' damage, and misrepresented to Plaintiffs the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim/loss under Plaintiffs' Policy (*Id.* at ¶J and K);

---

[11] Contrary to Defendants' Removal at ¶7 & ¶8, Plaintiff's Original Petition contains more than sufficient factual allegations against Defendant Baylor himself and Defendant lacks any legal support or facts to prove otherwise.

(6) that he caused Underwriters to underpay Plaintiffs on its insurance claim, and, as such, Plaintiffs have not been able to properly and completely repair the damage to Plaintiffs' Property, which has caused additional, further damage to Plaintiffs' Property (*Id.* at ¶K);

(7) that he advised Plaintiffs as to how Plaintiffs could repair the Property so as to prevent further damage, which was negligent and false, because Plaintiffs could not properly repair the Property and prevent further damage by following Baylor' advice, resulting in further damage to Plaintiffs' Property (*Id.* at ¶L);

(8) that he misrepresented that the damage cause by the severe hail and windstorm only involved roof damage, minor window damage, and minimal interior damage and could be repaired for only $ 6,058.32. However, Defendants' representations were patently false, because Plaintiff's damage as a result of the severe hail and windstorm could not be repaired to pre-loss condition via the scope and cost of Defendants' adjuster report., however, Baylor' representations were false because Plaintiffs' wind and hailstorm damages exceed $85,000.00 (*Id.* at ¶M);

(9) that he failed to properly adjust the claims and has denied at least a portion of Plaintiffs' claims without an adequate investigation, even though the Policy provided coverage for such losses suffered by Plaintiffs (*Id.* at ¶N);

(10) that he misrepresented to Plaintiffs that the damage caused to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. (*Id.* at ¶R);

(11) that he failed to make an attempt to settle Plaintiffs' claim in a fair manner (*Id.* at ¶S);

(12) that he failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement. Specifically, that he failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made, that he did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim (*Id.* at ¶T);

(13) that he failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Baylor (*Id.* at ¶U); and

(14) that he refused to fully compensate Plaintiffs, under the terms of the Policy, even though he failed to conduct a reasonable investigation. Specifically, that he performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property (*Id.* at ¶V).

27.     The above and foregoing factual allegations "fit" with causes of action for violation of the Texas Insurance Code §§541.060(a)(1), §541.060(a)(2)(A), §541.060(a)(3), §541.060(a)(4), and §541.060(7) (*Id.* at §VI., p.10 "D. Cause of Action for Unfair Insurance Practices"). Based upon the foregoing factual allegations, Plaintiff has without question met their minimum burden to identify with facts the manner in which Baylor violated the law.[12]

28.     Additionally, Plaintiff finds the *Davis* opinion instructive. *Davis v. Geovera Specialty Ins. Co.*, 2011 WL 1230328, at *3–4 (S.D.T.X., March 30, 2011). In *Davis*, the Defendant conceded that although defendant-adjusters could be held liable for Insurance Code violations, there was no possibility of recovery based on the facts of Plaintiff's Original Petition. *Id.* The Court however was not persuaded by this argument. The Court found that "Plaintiff's Complaint—construed liberally—alleges facts, that if proven, state an actionable claim for violations of the Texas Insurance Code...." *Id.* The Court made this conclusion based on Plaintiff's allegations that the defendant-adjusters "'conducted a substandard investigation of

---

[12] The Hon. Sim Lake, faced with nearly identical pleadings and allegations regarding a Hurricane Ike case in *Harris v. Allstate Tex. Lloyd's*, 2010 WL 1790744, *4 (S.D.Tex. April 30, 2010), cut to the point with the following analysis:

> [Plaintiff's] complaint alleges that her property was damaged, that [Adjuster] was tasked with handling the insurance claim, and that [Adjuster] failed to fulfill this task in the manner required by the Texas Insurance Code. Plaintiff alleges that [Adjuster] mishandled the claim in several specific ways: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for denying payment, etc. . . . [Plaintiff's] allegations, if proven true, would create a reasonable possibility that [Plaintiff] could prevail in his claims against [Adjuster]. Allstate has presented no evidence disproving these allegations. Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, *see Guillory*, 434 F.3d at 308, the court cannot conclude that there is no reasonable basis to predict that [Plaintiff] might recover against [Adjuster]. Remand is therefore appropriate.").

*See also Rankin Road Inc. v. Underwriters at Lloyds of London*, 2010 WL 4007619, at *6 (S.D. Tex. October 12, 2010) (granting remand because Plaintiff clearly alleged that Defendant adjusted the insurance claims and made several misrepresentations to the Plaintiff, which showed a reasonable basis of recovery against adjuster).
See also *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, 3:11-CV-0971-O-BK, 2012 WL 176572, slip op. at *5 (N.D. Tex. Jan. 6, 2012) *report and recommendation adopted*, 3:11-CV-971-O, 2012 WL 195016 (N.D. Tex. Jan. 23, 2012) (granting remand because Plaintiff's allegations provide sufficient factual allegations under Texas's fair notice standard for recovery against Defendant adjuster); *Johnson v. Zurich Am. Ins. Co.*, 3:11-CV-0344-P, 2011 WL 3111919 at *3-4 (N.D. Tex. June 29, 2011) (not designated for publication) (recognizing that independent insurance adjusters may be liable under the Texas Insurance Code and granting remand because Plaintiff's factual allegations state a plausible claim for Plaintiff to recover against Defendant insurance adjuster).

Plaintiff's property' and that 'the damages [defendant-adjusters] actually included in their report were grossly undervalued.'"  The Court also found adequate grounds to remand based on the allegations that the adjusters "misrepresented that the damage was not covered under the policy, failed to make an attempt to settle Plaintiff's claims in a fair manner, failed to explain the reasons for not offering adequate compensation, and failed to affirm or deny coverage within a reasonable time." *Id*. at *4, n.5.

29.    In the instant case, Plaintiff did not use the exact wording "substandard investigation" or that damages were "grossly undervalued."  Rather, Plaintiff pled, "Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7)."  *See* Plaintiff's Original Petition, § V., ¶V.  In addition, Plaintiff also pled all of the Texas Insurance Code as described above, including many of the exact same allegations that were found to be adequate in *Davis*.

30.    Furthermore, the Plaintiff's Original Petition alleges that Baylor is "guilty of the following unfair insurance practices":

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case (*Id*. at §VI., "D. Cause of Action for Unfair Insurance Practices Against Underwriters and Baylor", p.12);

B.    Engaging in unfair claims settlement practices (*Id*.);

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue (*Id*. at p.13);

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear (*Id*.);

E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time (*Id.*);

F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim (*Id.*); and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement (*Id.*).

31.    There clearly exists the possibility Plaintiff will be able to establish violations of the Texas Insurance Code against Preston Baylor.[13]  Whether Plaintiff is ultimately able to prove Preston Baylor engaged in the alleged conduct goes to the merits of the claim and is not the issue before the Court.  Instead, the Court must decide whether there is **absolutely no possibility** Plaintiffs will be able to establish a cause of action against Preston Baylor in state court. *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).  Here, Defendant does not, and cannot, meet the heavy burden of proving that joinder of Preston Baylor was improper.  Removal, therefore, is improper and the Honorable Court must remand this case to Texas state court.

## IV. CONCLUSION

32.    The Honorable Court should remand this case back to the District Court of Maverick County, Texas, 365th Judicial District.  Federal jurisdiction under 28 U.S.C. §§1332 requires the removing party to state facts showing a complete diversity of citizenship. The Defendant's argument that Preston Baylor has been improperly joined does not satisfy those requirements.  Furthermore, Defendant is unable to meet the heavy burden to prove that there is absolutely no possibility that Plaintiff could establish a cause of action against Preston Baylor, the non-diverse Defendant or prove that Plaintiff has engaged in outright fraud in pleading the

---

[13] Plaintiffs also allege additional allegations against Defendant Baylor, including, but not limited to negligence and misrepresentation.  These claims are actionable against Mr. Baylor and Defendant has no basis to argue otherwise.

jurisdictional facts.  Therefore, removal is improper.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant *Plaintiffs' Opposed Motion to Remand and Memorandum in Support.* Plaintiff also requests any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**WAYNE WRIGHT, LLP**
5707 Interstate Ten West
San Antonio, Texas 78201
(210) 384-2641 (Telephone)
(210) 735-3286 (Facsimile)

By: /s/   T. Nicole Delahoussaye
T. NICOLE DELAHOUSSAYE
ndelahoussaye@waynewright.com
Texas State Bar No. 24061073
WDTX No. 24061073

HAROLD MCCALL
hmcall@waynewright.com
Texas State Bar No. 24054279
WDTX No. 24054279

DON CROOK
dcrook@waynewright.com
Texas State Bar No. 00783901
WDTX No. 00783901

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

This is to certify that on December 2, 2014, I attempted to confer with counsel for Defendant regarding the substance of this Motion to Remand but the parties could not agree.

*/s/  T. Nicole Delahoussaye*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, pursuant to the applicable Federal Rules of Civil Procedure:

**PREIS, PLC**
Kenneth H. Tribuch
24 Greenway Plaza, Suite 2050
Houston, Texas 77056

Dated this 5th day of December, 2014.

*/s/  T. Nicole Delahoussaye*